USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-2-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MIGUEL MARQUEZ,

                Petitioner,

      -against-

DALE A. ARTUS,

                Respondent.
------------------------------------------------------------x

08 Civ. 10847 (PKC)(HBP)

ORDER ADOPTING REPORT
AND RECOMMENDATION

CASTEL, District Judge:

       This petition for a writ of habeas corpus from a state court conviction was referred to Magistrate Judge Henry B. Pitman for a Report and Recommendation ("R & R"). In an R & R filed on October 17, 2011, Magistrate Judge Pitman recommended that the petition be denied. The R & R advised the parties that they had 14 days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Petitioner filed his objection on November 28, 2010.

       I have reviewed Magistrate Judge Pitman's R & R and petitioner's objection. I find the R & R to be well reasoned and thoroughly grounded in law. Petitioner argued two bases for issuing a writ of habeas corpus: (1) that he was entitled to and denied a jury charge on a lesser included offense in his non-capital case and (2) that he was denied due process because the trial court struck the testimony of a prosecution witness who was unable to complete cross-examination instead of granting a mistrial. The R & R reviewed, inter alia, Marquez's habeas corpus petition, the state court trial transcripts and case law governing the issues raised in the petition.

*Copy mailed to plaintiff*

2

Magistrate Judge Pitman properly concluded that Marquez's first claim is a state law claim that is not cognizable on a federal writ of habeas corpus. (R & R at 9 citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[A] federal court is limited to deciding whether a conviction violated the Constitution, laws or treats of the United States.").) Marquez does not object to this portion of the R & R. (Objection at 2.) As Magistrate Judge Pitman noted, there is no clearly established Supreme Court precedent recognizing a right to have the fact-finder in a non-capital case consider lesser included offenses. (R & R at 9.) In Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980), which held that the jury must be instructed on lesser included offenses in capital cases, the Supreme Court expressly declined to decide whether this requirement also applied in non-capital cases. No Supreme Court case since Beck has decided the question. See Mills v. Girdich, 614 F.Supp.2d 365, 381-83 (W.D.N.Y. 2009). The state court's determination that petitioner's federal due process rights were not violated was not "contrary to" or an "unreasonable application of" clearly established federal law. See 28 U.S.C. § 2254(d)(1).

Petitioner's proposed requirement also cannot be adopted here because Teague v. Lane, 489 U.S. 288 (1989), bars the creation of new constitutional rights in federal habeas corpus proceedings. Additionally, the Second Circuit has held that requiring jurors to be instructed on lesser included offenses in non-capital cases is not a rule that fits within either of the exceptions to the Teague bar. Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996); Teague, 489 U.S. at 315-316. Even if Marquez's proposed rule fell under one of the exceptions, Magistrate Judge Pitman correctly concluded that this claim is procedurally barred because the Appellate Division had an adequate and independent state ground for rejecting it. (R & R at 12, n. 4.)

3

Magistrate Judge Pitman also properly concluded that the trial court's refusal to grant a mistrial did not deprive Marquez of a fair trial and due process of law because state court evidentiary rulings "are not reviewable by a habeas court unless the errors alleged are so prejudicial as to constitute fundamental unfairness." (R & R at 17 quoting Rosario v. Kuhlman, 839 F.2d 918, 924-25 (2d Cir. 1988).) Marquez objects asserting that the conclusions in the R & R are "contrary to, and an unreasonable application of clearly established Supreme Court precedent." (Objection at 3.) In the R & R, Magistrate Judge Pitman correctly noted that an allegedly improper evidentiary ruling is assessed by determining whether it was incorrect under state law and whether that error amounted to the denial of a fair trial. (R & R at 18.); See Perez v. Phillips, 210 F.App'x 55, 57-58 (2d Cir. 2006) (non-precedential). "New York law is clear that when a witness cannot be cross-examined, the proper remedy in most cases is to strike the witness's direct testimony." (R & R at 20.); People v. Cole, 43 N.Y. 508, 511-13 (1871); Schwartz v. 38 Town Assocs., 187 A.D.2d 377, 377 (1st Dep't 1992). The evidentiary ruling was not improper under New York law.

Additionally, the trial court provided detailed curative instructions to disregard the witness's testimony multiple times during the trial to ensure that Marquez was not denied a fair trial. (R & R at 23.) The trial court specifically instructed the jurors that the stricken witness's testimony was "totally unreliable and [could] not . . . be credited in any way." (Tr. 561-63.) Under New York law, a trial court's "discretion is not abused when the judge, instead of granting a mistrial, provides curative instructions that are sufficient to alleviate any possible prejudice to defendant." People v. Owens, 214 A.D.2d 480, 481 (1st Dep't 1995). The

4

evidentiary ruling was proper under state law and Marquez was not denied a fundamentally fair trial. (R & R at 24.)

In his Objection, Marquez argues that the state court evidentiary ruling was the "product of unfair procedures" and that this Court "is free to reach its own independent judgment on the question." (Objection at 5-6.) The Court does not agree with petitioner that the ruling was improper or unconstitutionally prejudicial for the reasons discussed above and in the R & R. (R & R at 25.) To the extent that Marquez raises a Sixth Amendment Confrontation Clause claim in his Objection, that claim is procedurally barred because it was not raised on direct appeal. (Objection at 3-5; R & R at 17.)

The R & R is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent. Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Respondent's counsel is directed to provide petitioner with a copy of the single case cited from the Federal Appendix.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
March 1, 2012